José María Franceschi, et als., peticionarios, Ex parte; López de Tord & Zayas Pizarro, interventores y apelantes.

No. 6958.—*Sometido:* Marzo 4, 1935. *Resuelto:* Marzo 12, 1935.

*C. López de Tord* y *V. Zayas Pizarro*, por su propio derecho; *Henry G. Molina* y *M. León Parra*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los apelados alegan que esta apelación es frívola y nos piden que la desestimemos. La firma profesional de abogados López de Tord & Zayas Pizarro, por su propio derecho, interpusieron esta apelación contra una resolución de la Corte de Distrito de Ponce que ordena al Registrador de la Propiedad de Ponce que cancele en su registro de sentencia la inscripción que hizo del fallo que por $40,000 obtuvieron dichos abogados contra los apelados.

Teniendo pendiente dichos abogados una reclamación de dinero contra los herederos de don Francisco María Franceschi en el procedimiento de administración judicial de los bienes de dicho finado, la Corte de Distrito de Ponce fijó en $50,000 el montante de la garantía que debía prestar esa sucesión para asegurar el pago de la reclamación de dichos abogados. Como consecuencia de una moción de los herederos proponiendo garantía para los $50,000 y en la vista de ella, las partes contendientes hicieron constar la siguiente estipulación: "Lcdo. Zayas Pizarro.—Las partes están de acuerdo en que la administración judicial se limite a un cierto número de bienes que vamos a convenir para responder de la reclamación de los interventores López de Tord & Zayas Pizarro, de acuerdo con la fianza fijada por este tribunal. En cuanto a los demás bienes, les serán entregados por el administrador judicial a los herederos, sin ninguna clase de responsa-

bilidad porque dejan de pertenecer a la administración judicial, y los herederos pueden hacer lo que quieran con esos bienes. La administración judicial continuará solamente en cuanto a la liquidación de la reclamación de los interventores antes nombrados; y el administrador judicial se unirá a la oferta que hace la sucesión Franceschi y seguirá defendiendo el *estate* de Franceschi en relación con la reclamación de los interventores López de Tord & Zayas Pizarro, como tal administrador judicial, de acuerdo con la sentencia de la Corte Suprema de Puerto Rico de 7 de noviembre de 1933 en el caso de certiorari número 898, con la anotación en el registro de dichos bienes a que se refiere la oferta de la sucesión Franceschi; aclarando el Sr. Zayas Pizarro que al hacer referencia anteriormente a la fianza señalada por la corte inferior, esto no quiere decir que los bienes que han de dejarse tengan un valor de $50,000, sino que deben dejarse bienes en poder del administrador que garanticen dichos $50,000. . .'' De acuerdo con esa estipulación la corte decretó que la administración judicial quedase limitada únicamente a dos fincas urbanas, cuatro créditos hipotecarios y una hipoteca, cuyas descripciones hizo; que todos y cada uno de esos bienes continúen bajo la administración judicial para responder a los señores López de Tord & Zayas Pizarro hasta $50,000 de la reclamación que tienen hecha; que su orden se anote en el registro de la propiedad en el asiento relativo a cada uno de esos bienes y que todos los demás bienes pertenecientes a la herencia de don Francisco María Franceschi, excepto los que se dejan en garantía, sean entregados por el administrador judicial a los herederos testamentarios de dicho señor Franceschi. De esa resolución se tomó anotación en los Registros de la Propiedad de Ponce y de San Juan en los bienes que fueron descritos.

Después de ese convenio y de esa resolución obtuvieron los señores López de Tord & Zayas Pizarro sentencia a su favor por $40,000 y en 27 de noviembre de 1934 hicieron ins-

cribir esa sentencia en el registro de sentencias del Registro de la Propiedad de Ponce, constituyendo así un gravamen por cinco años contra los bienes inmuebles presentes y futuros de los apelados, no exentos de ejecución, radicados en el distrito donde la sentencia fué inscrita y sobre todos los inmuebles que los demandados posteriormente adquirieran en dicho distrito, según la ley de 8 de marzo de 1906 que se encuentra en el Código de Enjuiciamiento Civil, página 92, edición de 1933. Solicitaron entonces los herederos de Franceschi que la corte ordenase al registrador de la propiedad la cancelación de la inscripción de esa sentencia por cuanto la garantía para responder de la reclamación de los señores López de Tord & Zayas Pizarro había quedado limitada por convenio a los bienes de la herencia descritos en la orden referida de la corte y excluídos los demás bienes de la herencia. La resolución de la corte de 26 de abril de 1934 accediendo a esa solicitud es la que motiva la presente apelación de los señores López de Tord & Zayas Pizarro.

■ Aunque la ley de 1906 antes citada dispone que al presentarse al registrador de la propiedad el extracto de una sentencia conteniendo los requisitos especificados en la misma ley lo inscribirá en el registro de sentencias que le ordena tener esa ley, sin embargo, los tribunales tienen jurisdicción inherente en bien de la justicia para ordenar la cancelación de la inscripción que haya hecho si por cualquier motivo legal no es procedente tal inscripción.

■ De los hechos que hemos expuesto antes se desprende claramente que los señores López de Tord & Zayas Pizarro estuvieron conformes ante la corte inferior en que la reclamación de dinero que tenían pendiente contra los herederos de don Francisco María Franceschi en el procedimiento de administración judicial de los bienes del finado quedase garantizada con determinados bienes que fueron especificados y en que los demás bienes fueran entregados a los herederos para que hicieran con ellos lo que quisieran, limitando así la ga-

rantía de su reclamación a esos bienes, a pesar de saber por la ley que si se dictaba sentencia a su favor podían anotar su sentencia contra todos los bienes presentes y futuros, por cinco años, de sus demandados. Prefirieron, sin embargo, limitar su garantía a determinados bienes y por virtud del convenio que aceptaron no tienen derecho hoy a garantizar su sentencia con los demás bienes de sus deudores por lo que, por tales circunstancias, no tienen derecho a inscribir su sentencia contra todos los bienes de los apelados.

*Por lo expuesto resulta frívola esta apelación y debe ser desestimada.*